# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) 2:19-CR-380 |
| | ) |
| CRISTOBAL ROSA-ROBLES, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Before the Court is Defendant Cristobal Rosa-Robles's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) following amendments to the United States Sentencing Guidelines, which became effective on November 1, 2023. ECF 182. Mr. Rosa-Robles argues that the amendments at U.S.S.G. § 4A1.1(e), concerning "status points," retroactively decreased his criminal history score such that his sentence should be reduced to time served with release on February 1, 2024. After carefully considering Amendment 821 and the applicable policy statements, Mr. Rosa-Robles's binding Rule 11(c)(1)(C) plea agreement, his Presentence Investigation Report, and the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court finds that Mr. Rosa-Robles's sentence remains appropriate and hereby denies the motion.

## BACKGROUND

Mr. Rosa-Robles was charged with one count of possession with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(i). ECF 37. The mandatory minimum sentence for that charge is a term of imprisonment of five years. 21 U.S.C. § 841(b)(1)(B). But if the defendant is convicted of that offense following a prior conviction for a serious drug felony, then the mandatory minimum sentence is

a term of imprisonment of 10 years. *Id.* As stated in the PSR, Mr. Rosa-Robles has a prior conviction for a serious drug felony. ECF 166, ¶ 37.

Mr. Rosa-Robles pleaded guilty to the charge pursuant to a Rule 11(c)(1)(C) plea agreement with the government. ECF 161; ECF 162. In that agreement, the parties stipulated that the type and quantity of controlled substances attributable to Mr. Rosa-Robles's offense were quantities of heroin, fentanyl, valeryl fentanyl (a fentanyl analogue), and methamphetamine, equivalent to at least 1,000 kilograms but less than 3,000 kilograms of converted drug weight. ECF 161, p. 4. The parties also stipulated that the government would not file an information to establish a prior conviction, but in exchange, the parties agreed that the appropriate sentence was a term of imprisonment of 108 months. *Id.*[1]

This Court sentenced Mr. Rosa-Robles on August 10, 2022. ECF 177; ECF 186. As there were no objections to the PSR, the Court adopted the findings and conclusions of the PSR, including the PSR's calculation of the advisory Sentencing Guidelines range. ECF 186, pp. 5:25-8:7. Mr. Rosa-Robles's offense level for this conviction was 25, and his criminal history score was 3. ECF 166, ¶¶ 22-40. But because Mr. Rosa-Robles committed the offense while under a sentence for his previous drug felony, two "status points" were added pursuant to former U.S.S.G. §

---

[1] Even though the plea agreement in this case was a Rule 11(c)(1)(C) plea agreement, Mr. Rosa-Robles's Guidelines range (and any modifications to it now) still matters. That is, the Court can entertain Mr. Rosa-Robles's motion if his Guidelines range was "a relevant part of the analytic framework the [Court] used to determine the sentence or to approve the agreement[.]" *Hughes v. United States*, 584 U.S. 675, 687 (2018) (cleaned up). And since the "general rule" is that the "Guidelines range is both the starting point and a basis for [the defendant's] ultimate sentence," including in accepting a Type-C plea agreement, the Court concludes that relief under § 3582(c)(2) for a retroactive change in the Guidelines remains available to Mr. Rosa-Robles. *Id.* at 686-87; ECF 186, p. 16:6-23 (finding that Mr. Rosa-Robles's plea agreement was an "appropriate compromise" between the Guidelines range and potential heightened mandatory minimum).

.

4A1.1(d), resulting in a criminal history score of 5 and a criminal history category of III. *Id.* As reflected in the Sentencing Table in Chapter 5 of the Guidelines, an offense level of 25 and a criminal history category of III result in a Guidelines range of imprisonment of 70 to 87 months. U.S.S.G. Ch. 5, pt. A.

Since the stipulated sentence in the plea agreement exceeded the Guidelines range, the Court invited the parties to justify why it should accept the agreement. ECF 186, p. 11:9-17. Both parties argued that the plea was justified because Mr. Rosa-Robles avoided an increased mandatory minimum sentence that would have exceeded the 108-month stipulated sentence. *Id.* at 12:3-19; ECF 172, p. 2. The Court accepted the Rule 11(c)(1)(C) plea agreement and sentenced Mr. Rosa-Robles to a term of imprisonment of 108 months. ECF 177. He is eligible for release on May 14, 2026. ECF 182, p. 2.

## DISCUSSION & ANALYSIS[2]

Mr. Rosa-Robles moves to reduce his sentence based on Amendment 821 of the Sentencing Guidelines, which revised the status-points provision in § 4A1.1 by eliminating status points for offenders who commit the offense while under a criminal justice sentence but have six or fewer criminal history points. U.S. Sent'g Comm'n,

---

[2] For a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has later been lowered by the Sentencing Commission, the Court may reduce the term of imprisonment after considering the Section 3553(a) factors to the extent they are applicable, if such a reduction is consistent with applicable policy statements. 18 U.S.C. § 3582(c)(2). Thus, to reduce Mr. Rosa-Robles's sentence, the Court must find that he is eligible for a reduction under U.S.S.G. § 1B1.10, and that the reduction is warranted by weighing the Section 3553(a) factors. *Dillon v. United States*, 560 U.S. 817, 826 (2010). Additionally, a new sentencing hearing is not required, and the Court finds that such a hearing would not be helpful. *United States v. Montgomery*, 398 F. App'x 843, 845 (3d Cir. 2010) (no evidentiary hearing required where there was "no evidentiary issue to resolve" and hearing "would not have changed the result in this case"); *United States v. Styer*, 573 F.3d 151, 154 (3d Cir. 2009) (whether to hold hearing on a § 3582(c)(2) motion is in district court's discretion).

Amendments to the Sentencing Guidelines, 88 Fed. Reg. 28,254, 28,270 (effective Nov. 1, 2023); U.S.S.G. § 4A1.1(e). There is no question that Amendment 821 applies retroactively. U.S.S.G. § 1B1.10(d), (e)(2); *see* Amendment 825 to U.S.S.G. § 1B1.10 (effective Nov. 1, 2023).

After reviewing U.S.S.G § 1B1.10(a), the Court agrees with the parties that the retroactive elimination of two status points in Amendment 821 applies to Mr. Rosa-Robles because he had fewer than seven criminal history points. U.S.S.G. § 4A1.1(e); ECF 184, p. 7. Had Amendment 821 applied at the time of sentencing, Mr. Rosa-Robles's criminal history score would have been 3, resulting in a criminal history category of II and therefore a revised Guidelines range of 63 to 78 months of imprisonment, instead of 70 to 87 months. U.S.S.G. Ch. 5, pt. A.

Next, the Court must consider whether a reduction is now warranted. Mr. Rosa-Robles argues that he is "eligible for a reduction of his 108-month sentence" to one for time served, simply because he believes that such a sentence meets the goals of sentencing. ECF 179, pp. 4-5. On that point, the Court disagrees.

The Court considered the Section 3553(a) factors at sentencing and concluded that the 108-month sentence was appropriate because it reflected the seriousness of Mr. Rosa-Robles's crime and criminal history, provided a deterrent effect, and conformed with the purposes of sentencing. ECF 186, p. 16:3-15. In considering those factors again, the Court finds that a reduced sentence goes against the Section 3553(a) sentencing factors. 18 U.S.C. § 3582(c)(1)(A).

The quantity of drugs attributable to Mr. Rosa-Robles's offense is substantial: between 1,000 and 3,000 kilograms of converted drug weight of heroin, fentanyl, valeryl fentanyl, and methamphetamine. The base offense level for possessing that amount of converted drug weight is 30, near the top of the Drug Quantity Table in U.S.S.G. § 2D1.1(c) and reflecting the seriousness of the offense. Moreover, Mr. Rosa-

Robles has multiple convictions related to drug trafficking, including a serious drug felony. ECF 166, ¶¶ 34-37. Both the seriousness of the offense and Mr. Rosa-Robles's criminal history (regardless of the two status points) support a need to protect the public and deter future criminal conduct. *United States v. Dixon*, 401 F. App'x 733, 736 (3d Cir. 2010) (noting that district courts are "statutorily empowered to consider [Defendant's] criminal history in the context of the § 3553(a) factors, as well as in the sentencing guidelines calculation"); *United States v. Jordan*, No. 511-11, 2023 WL 8260892, at *2 (W.D.N.C. Nov. 29, 2023) (denying Amendment 821 reduction even though defendant was eligible because defendant's "criminal history supports a need to protect the public"); *see also* ECF 95, pp. 7-10 ("Drug trafficking, on its own, presents a risk of danger to the community."). Accordingly, the Court concludes that the sentencing factors do not support reducing Mr. Rosa-Robles's sentence based on Amendment 821. 18 U.S.C. § 3553(a)(2).

More fundamentally, Mr. Rosa-Robles's motion also fails because it ignores the effect of his plea agreement. The Court "can consider the benefits the defendant gained by entering a Type-C agreement when it decides whether a reduction is appropriate." *Hughes*, 584 U.S. at 689. And Mr. Rosa-Robles received a substantial benefit via his Rule 11(c)(1)(C) plea agreement that a reduced sentence would undermine.

By pleading guilty and stipulating to a sentence of 108 months, Mr. Rosa-Robles avoided the government's filing a Section 851 information to establish a prior conviction, which would have increased his mandatory minimum sentence to 120 months. 21 U.S.C. § 841(b)(1)(B)(i). The government also agreed not to file a superseding indictment that, combined with an information to establish prior conviction, would have exposed Mr. Rosa-Robles to a 180-month mandatory minimum. ECF 184, p. 8. At sentencing, Mr. Rosa-Robles argued in support of the

Court accepting the 108-month sentence on this exact basis. ECF 186, p. 12:3-19. The Court agreed that the 108-month stipulated sentence was "an appropriate compromise" between Mr. Rosa-Robles's Guidelines range and the mandatory minimum that would have been established via a Section 851 information, while still conforming with the purposes of sentencing. *Id.* at 16:6-23.

Thus, Mr. Rosa-Robles's plea agreement created an expectation that he would serve the time of his stipulated sentence instead of the mandatory minimum 120-180 months had the government filed a Section 851 information, a superseding indictment, or both. *See United States v. Starkey*, No. 14-90, 2022 WL 5169824, at *1 (W.D. Pa. Oct. 5, 2022) (Ranjan, J.) (Rule 11(c)(1)(C) plea agreement is a "bargained-for contract" that the Court should not upset lightly). This sentencing exposure—driven entirely by statutory enhancements—would have applied regardless of Mr. Rosa-Robles's criminal history and whether he was assessed any status points. Thus, to reduce Mr. Rosa-Robles's sentence to time served based on a largely inapplicable amendment to the Guidelines would frustrate the object of the parties' agreement, the Court's acceptance of the plea, and the purposes of sentencing. *See Hughes*, 584 U.S. at 690 ("If the district court concludes that it would have imposed the same sentence even if the defendant had been subject to the lower range, then the court retains discretion to deny relief.").

\* \* \*

**AND NOW**, this 6th day of February, 2024, it is hereby **ORDERED** that Mr. Rosa-Robles's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) (ECF 182) is **DENIED**.

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge