IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) 2:19-CR-380 |
| | ) |
| CRISTOBAL ROSA-ROBLES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

### MEMORANDUM ORDER

On October 24, 2023, Defendant Cristobal Rosa-Robles moved to reduce his sentence to time served pursuant to 18 U.S.C. § 3582(c)(2) following the implementation of Amendment 821 to the United States Sentencing Guidelines. ECF 179; ECF 182. After careful review, this Court denied the motion. ECF 187. The Court found that though Amendment 821 applied to Mr. Rosa-Robles's Guidelines calculation, it did not ultimately affect the Court's decision on sentencing because his Rule 11(c)(1)(C) plea agreement and the potential for a mandatory minimum sentence, not the Guidelines calculation, drove his sentence. *Id.* at 3-5.

Mr. Rosa-Robles now makes a new motion pursuant to 18 U.S.C. § 3582(c)(2), requesting an 11-month reduction to his sentence (*i.e.*, from 108 to 97 months) based mainly on an argument that the sentence should be adjusted in proportion to the change in the Guidelines calculation. ECF 189, p. 6. The government opposes the motion. ECF 191. After reviewing the new motion, the Court denies it for essentially the same reason as before.

In its prior order, the Court concluded that Mr. Rosa-Robles's sentencing exposure was "driven entirely by statutory enhancements" that "would have applied regardless of Mr. Rosa-Robles's criminal history." ECF 187, p. 5. Specifically, the benefit of the agreement that Mr. Rosa-Robles struck was avoiding a 180-month mandatory minimum sentence. *Id.* at 5-6 ("The government also agreed not to file a superseding indictment that, combined with an information to establish prior

conviction, would have exposed Mr. Rosa-Robles to a 180-month mandatory minimum. At sentencing, Mr. Rosa-Robles argued in support of the Court accepting the 108-month sentence on this exact basis." (cleaned up)).

In his new motion, Mr. Rosa-Robles makes a good argument about proportionality, but it doesn't work in the context of his case. He argues that based on his original Guidelines range (63-78 months), his stipulated sentence was a 24% upward variance (108 months). He argues that applying Amendment 821 results in a lower range now (63 to 78 months), and so adding the 24% upward variance means his new sentence should be 97 months.

But that is backwards. The parties didn't start from the Guidelines range; they started from the statutory mandatory minimum sentence. As articulated to the Court by the parties, the starting point was the mandatory minimum of 180 months, and Mr. Rosa-Robles essentially received a downward variance from that to 108 months when the government agreed not to file the Section 851 information and a superseding indictment. ECF 172, p. 7 ("One of the most important factors in this case are the potential statutory mandatory minimums to which Defendant may be exposed."); ECF 186, at 11:20-13:14 (explaining benefit of plea agreement was avoidance of heightened mandatory minimum following superseding indictment and Section 851 information), 15:11-17.[1]

In short, the impact of Amendment 821 on Mr. Rosa-Robles's sentence is immaterial, and the proportionality-type analysis—while perhaps persuasive in

---

[1] Mr. Rosa-Robles cites to footnote 1 of the Court's prior order (ECF 187) to suggest that the Court stated that the Guidelines range was the "starting point" for the sentence. ECF 189, p. 3. To be clear, the Court's prior order didn't state that the range was the starting point in Mr. Rosa-Robles's case—it merely stated that Mr. Rosa-Robles was not barred from relief under Section 3582(c)(2) simply because he had a Type-C plea agreement. ECF 187, p. 2, n.1. If anything, and as was clear from the sentencing record, the Guidelines range that everyone considered was essentially the range that would apply, assuming application of the statutory mandatory

other cases—is unsupported given how the sentencing agreement here was reached and then accepted by the Court.

* * *

**AND NOW**, this 5th day of April, 2024, it is hereby **ORDERED** that Mr. Rosa-Robles's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) (ECF 189) is **DENIED**.

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge

---

minimum. U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."). True, what the Court must do in the context of a Rule 11(c)(1)(C) plea agreement is determine if there are "justifiable reasons" for sentencing a defendant outside the range, so the range is typically an important reference point. U.S.S.G. § 6B1.2(c). But not here; the more important reference point at sentencing for the Court and the parties was the looming mandatory minimum and how it would have escalated Mr. Rosa-Robles's range.